IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

ROBERT D. BOULTER and )
PATRICIA A. BOULTER, )
 )
    *Plaintiffs*, )
 )
v. ) Case No. CIV-10-350-JHP
 )
CITI RESIDENTIAL LENDING, )
PIONEER ABSTRACT AND TITLE )
CO., INFINITI MORTGAGE CORP., )
DEUTSCHE BANK NATIONAL )
TRUST CO., ARGENT MORTGAGE )
L.L.C., and AMERICAN HOME )
MORTGAGE SERVICING, )
 )
    *Defendants*. )

## OPINION AND ORDER

Before the Court are Plaintiffs' Motion to Remand [Docket No. 13],[1] Defendant Citi Residential Lending, Inc.'s Response to Plaintiffs' Motion to Remand [Docket No. 15], and Plaintiffs' Reply to Citi Residential Lending, Inc.'s Response to Plaintiffs' Motion to Remand [Docket No. 17]. The parties agree that subject matter jurisdiction is lacking in this case. At issue is Plaintiff's request for costs and attorney fees related to the improper removal of this action. For the reasons cited herein, this Court finds that Plaintiffs Robert Boulter and Patricia Boulter (collectively, "Plaintiffs") are entitled to reimbursement for their costs and attorney fees resulting from the improper removal of this action. Therefore, Plaintiffs' Motion to Remand is

---

[1] Plaintiffs included in their Motion to Remand a request for costs and attorney's fees related to the removal of this case.

**GRANTED**.

BACKGROUND

Plaintiffs filed their Petition in Oklahoma state court on July 14, 2010. Oklahoma Court Record at 1, Docket No. 2-1. The Petition filed herein was a re-filing of a previous case that Plaintiffs had dismissed without prejudice from Oklahoma state court on June 4, 2010. Motion to Remand at 1, Docket No. 13. Each of the defendants, with the exception of Infiniti Mortgage Corp, participated in the prior suit brought by Plaintiffs in Oklahoma state court. *Id.*

Defendant Citi ("Citi") was served on August 26, 2010, and removed this action to federal court on September 24, 2010, claiming subject matter jurisdiction existed under 28 U.S.C. § 1332 (diversity jurisdiction). Citi Residential Lending, Inc.'s Response to Plaintiffs' Motion to Remand at 2, Docket No. 15 [hereinafter "Response"]; Notice of Removal at 1, Docket No. 2. On October 6, 2010, Plaintiffs filed their Motion to Remand, in which they requested costs and fees resulting from the improper removal. Motion to Remand at 1-2, Docket No. 13. Plaintiffs claim that due to lack of diversity among the parties, removal of this case was not objectively reasonable under the removal statute, 28 U.S.C. § 1441. *Id.* at 2-4.

Citi responded to Plaintiffs' Motion to Remand on October 14, 2010 and stipulated to the lack of subject matter jurisdiction, recognizing that complete diversity was lacking because both Plaintiffs and defendant Pioneer Abstract and Title Company are citizens of Oklahoma. Response at 1-2, Docket No. 15. Citi then defended against Plaintiffs' request for costs and fees, arguing that the removal was objectively reasonable.

In their Reply to Citi Residential Lending, Inc.'s Response to Plaintiff's Motion to Remand [hereinafter "Reply"], Plaintiffs recognized that the only issue remaining was that of

2

attorney's fees and argued again that Citi's removal of the non-diverse action was not objectively reasonable. *See generally* Plaintiffs' Reply to Citi Residential Lending, Inc's Response to Plaintiffs' Motion to Remand at 1, Docket No. 17. This Court agrees with Plaintiffs that the removal was not objectively reasonable.

## DISCUSSION

The Court agrees with the parties that subject matter jurisdiction is lacking in this case, due to lack of diversity among the parties. Therefore, the case must be remanded to state court. 28 U.S.C. § 1447(c) ("[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"). Plaintiffs' Motion to Remand is therefore **GRANTED** in that regard.

Plaintiffs' request for costs and fees associated with the improper removal of this action is therefore the primary issue before the Court. Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." An award of costs and fees is proper under § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). The party requesting an award of costs and fees need not demonstrate bad faith on behalf of the removing party to justify the award of costs and fees, however the requesting party is required to show that the removal was improper *ab initio*. Topeka Hous. Auth. v. Johnson, 404 F.3d 1245, 1248 (10th Cir. 2005).

Removal of this case was improper *ab initio*. "Pioneer Abstract and Title Company" was a named defendant at the commencement of this case (*see* Petition at 1, Docket No. 2-2), therefore complete diversity, and consequently subject matter jurisdiction, were lacking at the

3

outset (*see* 28 U.S.C. § 1332; Carden v. Arkoma Assocs., 494 U.S. 185, 187 (1990) (citing Strawbridge v. Curtiss, 7 U.S. (5 Cranch) 267 (1808)) (stating requirement and definition of "complete diversity")).

Citi's arguments that the removal was objectively reasonable are unpersuasive. First, Citi argues that because the style of the Petition did not list the full name of "Pioneer Abstract and Title Company of Muskogee, Inc.," it was impossible to know whether such entity was diverse from Plaintiffs prior to the deadline for removal. Response at 3, Docket No. 15. This argument fails. As Plaintiffs demonstrate in their Reply, while there are multiple businesses named "Pioneer Abstract and Title Company" doing business in multiple states, *every* company or corporation under that or a similar name actually doing business in Oklahoma is an Oklahoma domestic entity. Reply at 2-3 and Exhibit 1, Docket No. 17. This is a quiet title action regarding Oklahoma land (*see* Petition at 1, Docket No. 2-2); basic legal knowledge indicates that any business entity associated with this parcel of land would necessarily be doing business in Oklahoma. Therefore, even though the registered name of the non-diverse defendant, "Pioneer Abstract and Title Company of Muskogee, Inc." does not appear in the style of the state-court Petition, a simple search of the Oklahoma Secretary of State's website would have demonstrated that any such entity doing business in Oklahoma is a domestic entity and therefore not diverse from the Plaintiffs.

Furthermore, if Citi harbored any doubt as to whether "Pioneer Abstract and Title Company" was diverse from Plaintiffs prior to their filing of the Notice of Removal, such confusion could be quickly resolved by contacting Plaintiffs and requesting clarification. Had Citi done so, the improper removal in this case could have been easily avoided.

4

Second, Citi argues that removal was objectively reasonable because it confirmed with Argent Mortgage Company, LLC - the only other defendant that had been served prior to Citi's removal of this case - that Argent was diverse from Plaintiffs. Response at 3, Docket No. 15. While it is true that only served parties must join in the notice of removal (*see, e.g.,* Kiro v. Moore, 229 F.R.D. 228, 230 (D.N.M. 2005), it is error to assume that simply because a party need not join in the notice of removal its citizenship becomes irrelevant to the determination of federal diversity jurisdiction. To the contrary, diversity of each defendant must be considered prior to removal, whether or not each defendant has been served. The issues of subject matter jurisdiction and removal procedure are distinct. The fact that only Argent Mortgage Company and Citi had been served at the time of removal does not relieve the removing party from determining whether federal courts have original jurisdiction over the case, as required for removal by 28 U.S.C. 1441.

These circumstances considered, this Court concludes that an award of costs and fees to the Plaintiffs in this matter is just. Plaintiffs should not be forced to bear the burden of litigating this objectively unreasonable removal. Plaintiffs' request for costs and fees associated with the improper removal of this case is therefore **GRANTED**.

CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand, including its request for costs and attorney fees [Docket No. 13], is **GRANTED**. This case is **REMANDED** to the District Court in and for Muskogee County, Oklahoma.

IT IS SO ORDERED this 14th day of January, 2011.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma